# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 07-cv-01466-REB-KMT

AMY SHROFF,

    Plaintiff,

v.

FRANK SPELLMAN, in his official and individual capacity,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY
## APPEAL AS FRIVOLOUS OR DILATORY

**Blackburn, J.**

This matter is before me on the **Plaintiff's Motion To Certify Defendant Spellman's Appeal as Frivolous and/or Dilatory** [#74][1] filed February 27, 2009. The defendant filed a response [#78] and the plaintiff filed a reply [#79]. I deny the motion.

This case concerns the plaintiff's claims under 42 U.S.C. § 1983. The plaintiff, Amy Shroff, alleges that the defendant arrested her without probable cause, in violation of her rights under the Fourth and Fourteenth Amendments. Shroff alleges also that she was subjected to an unlawful strip search after her arrest, in violation of her rights under the Fourth and Fourteenth Amendments. Defendant Frank Spellman, a police officer, asserted the defense of qualified immunity in his motion for summary judgment [#43]. In my order [#71] resolving Shroff's motion for summary judgment, I concluded that Shroff was not entitled to summary judgment on the two claims described above

---

[1] "[#74]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

based on his assertion of qualified immunity.  As permitted by law under the collateral order rule, Spellman has filed an interlocutory appeal challenging my denial of his motion for summary judgment based on qualified immunity.  Spellman's appeal is pending.

      A federal district court's "denial of a claim of qualified immunity, to the extent that it turns on an issue of law," is subject to an interlocutory appeal within the meaning of 28 U.S.C. § 1291.  **Mitchell v. Forsyth**, 472 U.S. 511, 530 (1985).  "The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  **Griggs v. Provident Consumer Discount Co.**, 459 U.S. 56, 58 (1982) (per curiam).

> Because this divestiture of jurisdiction is subject to abuse and can unreasonably delay trial, we recognized in [**Stewart v. Donges**, 915 F.2d 572 (10th Cir. 1990)] a procedure by which a district court may maintain jurisdiction over a defendant if the court certifies that the defendant's appeal is frivolous. *Id.* at 576-78.

**Langley v. Adams County, Colo.**, 987 F.2d 1473, 1477 (10th Cir. 1993).  "If the claim of immunity is a sham . . . the notice of appeal does not transfer jurisdiction to the court of appeals, and so does not stop the district court in its tracks."  **Apostol v. Gallion**, 870 F.2d 1335, 1338 - 1339 (7th Cir. 1989) (cited with approval in **Stewart v. Donges**, 915 F.2d 572, 577 (10th Cir. 1990)).  However, "it is the district court's certification of the defendant's appeal as frivolous . . . rather than merely the fact that the appeal is frivolous which allows the district court to retain jurisdiction to conduct a trial."  **Stewart**, 915 F.2d at 577.  Generally, an argument is frivolous when "it lacks an arguable basis either in law or in fact."  **Neitzke v. Williams**, 490 U.S. 319, 325 (1989).

      In her present motion, Shroff argues that Spellman's present appeal should be

certified as frivolous and that her claims should proceed to trial. I respectfully disagree. Having reviewed the record in this case, I find and conclude that the issues presented in Spellman's appeal are not frivolous.

**THEREFORE, IT IS ORDERED** that the **Plaintiff's Motion To Certify Defendant Spellman's Appeal as Frivolous and/or Dilatory** [#74] filed February 27, 2009, is **DENIED**.

Dated July 1, 2009, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge